UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIPT # 56288
AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 6-2-04

FILED
IN CLERK'S OFFICE
2004 JUN -2 A 11: 33
U.S. DISTRICT COURT
DISTRICT OF MASS.

| JOSEPH PASIONEK, |
| Plaintiff, |
| |
| v. |
| |
| NATIONAL RAILROAD PASSENGER |
| CORPORATION, a/k/a AMTRAK, |
| Defendant. |

CIVIL ACTION NO.

04 CV 11172 RWZ

**COMPLAINT AND JURY DEMAND**

MAGISTRATE JUDGE Alexander

1. The Plaintiff, Joseph Pasionek, is an adult individual residing at 16 Old Populatic Road, Norfolk, Massachusetts 02056.

2. The Defendant, National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak") is a railroad corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is 253 Summer Street, Boston, MA 02210.

3. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60.

4. At all times hereto, the Defendant, National Railroad Passenger Corporation a/k/a Amtrak was a common carrier, engaged in the business of interstate commerce and, as such, operated a railroad in such business between Boston Massachusetts and Washington D.C.

5. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff was done by the Defendant, Its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the

1

direct and exclusive control of the Defendant.

6. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad and was acting in the scope of his employment by Defendant and was engaged in the furtherance of interstate commerce within the meaning of the F.E.L.A.

## COUNT I
## OCCUPATIONAL LUNG DISEASE

7. Plaintiff incorporates by reference paragraphs 1 through 6 herein as if set forth fully at length.

8. The injuries and disability of Plaintiff while working as an employee of the Defendant were caused by his exposure to toxic and/or pathogenic chemicals, fumes, vapors, mists, or gases, including but not limited to sulfuric acid and caustic soda liquid.

9. All property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

10. Plaintiff's exposure(s) occurred on or about June 17, 2001 and continued through and including the present, primarily while Plaintiff was working as a sheet metal worker for the Defendant in Boston, Massachusetts.

11. Plaintiff's illness was diagnosed as occupational asthma.

12. Plaintiff discovered that he had sustained occupational asthma from exposure to toxic and/or pathogenic chemicals, fumes, vapors, mists, or gases, including but not limited to sulfuric acid and caustic soda liquid.

13. Plaintiff's occupational asthma was caused by and/or contributed to in whole or in part by the negligence, carelessness and/or recklessness of the Defendant, generally and more

specifically as follows:

a. In failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed in working with, touching or inhaling toxic and/or pathogenic chemicals, fumes, vapors, mists, or gases, including but not limited to sulfuric acid and caustic soda liquid.

b. In failing to provide the Plaintiff with reasonably safe and sufficient personal safety apparel and equipment including but not limited to respirators as was necessary to protect him from being injured, poisoned, disabled, killed or otherwise harmed, by work with, using, handling and/ or coming in contact with and being exposed to toxic and/or pathogenic chemicals, fumes, vapors, mists, or gases, including but not limited to sulfuric acid and caustic soda liquid..

c. In failing to provide Plaintiff with a reasonably safe place in which to work.

d. In failing to minimize or eliminate Plaintiff's exposure to toxic and/or pathogenic chemicals, fumes, vapors, mists, or gases, including but not limited to sulfuric acid and caustic soda liquid, by providing ventilating and exhaust fans, or other recommended and available procedures.

e. In failing to conduct any tests to determine the presence and or amount of toxic and/or pathogenic chemicals, fumes, vapors, mists, or gases, including but not limited to sulfuric acid and caustic soda liquid, in and around the Plaintiff's workplace.

f. In failing to transfer Plaintiff from workplaces where he had been exposed to toxic and/or pathogenic chemicals, fumes, vapors, mists, or gases, including but not limited to sulfuric acid and caustic soda liquid, to other employment with no

such or lesser exposure.

g.  In failing to conduct physical examinations of Plaintiff of such quality as to detect any effects of toxic and/or pathogenic chemicals, fumes, vapors, mists, or gases, including but not limited to sulfuric acid and caustic soda liquid, so that its employees, such as Plaintiff, could be advised as to the dangers of such exposure so Plaintiff could take appropriate safety measures.

h.  In failing to issue and enforce appropriate safety rules limiting or eliminating exposure to toxic and/or pathogenic chemicals, fumes, vapors, mists, or gases, including but not limited to sulfuric acid and caustic soda liquid.

i.  In failing to obey appropriate and applicable federal and state regulations and industrial hygiene recommendations intended to protect Plaintiff from exposure to toxic and/or pathogenic chemicals, fumes, vapors, mists, or gases, including but not limited to sulfuric acid and caustic soda liquid.

j.  In causing spills of chemicals, including but not limited to sulfuric acid and caustic soda liquid, in Defendant's Waste Water Treatment Plant in Boston, MA, failing to clean up said spills and causing Plaintiff's exposure to said spills.

23. As a direct and proximate result, in whole or in part of one or more of the foregoing negligent or unlawful acts on the part of the Defendants, Plaintiff suffered exposure to toxic and/or pathogenic chemicals, fumes, vapors, mists, or gases, including but not limited to sulfuric acid and caustic soda liquid, which caused him to sustain a severe injury to his body and respiratory system.

24. As a result, Plaintiff has suffered pain, nervousness and mental anguish and has been obliged to spend various sums of money to treat his disease and injuries, sustained a loss

of earnings and earning capacity, and his enjoyment of life has been greatly impaired.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of FOUR HUNDRED AND FIFTY THOUSAND ($450,000.00) DOLLARS together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN HIS COMPLAINT.**

Respectfully Submitted,
JOSEPH PASIONEK,
By his attorney,

*/s/ Michael J. McDevitt*
Michael J. McDevitt (BBO#: 564720)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

Dated: 6/2/04

JS 44 (Rev. 3/99)     **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Joseph Pasionek

**DEFENDANTS**
National Railroad Passenger Corporation a/k/a Amtrak

(b) County of Residence of First Listed Plaintiff: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Filed in Clerks Office 2004 JUN -2 A 11 33 U.S. District Court District of Mass.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael J. McDevitt
Lawson & Weitzen, LLP, 88 Black Falcon Avenue,
Suite 345, Boston, MA 02210

Attorneys (If Known)
04 cv 11172

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☑ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Tort for negligence under the Federal Employers' Liability Act, 45 U.S.C.A., section 51, et seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE: June 2, 2004
SIGNATURE OF ATTORNEY OF RECORD: Michael M. [signature]

FOR OFFICE USE ONLY
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Joseph Pasionek v. National Railroad Passenger Corporation a/k/a Amtrak

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ☑  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

   04-11172

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☑   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Michael J. McDevitt
ADDRESS  Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210
TELEPHONE NO.  (617) 439-4990

(Coversheetlocal.wpd - 10/17/02)