UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH T. PASIONEK, )
)
Plaintiff, )
)
v. ) Case No. 04 CV 11172 RWZ
)
AMTRAK, )
)
Defendant. )

## ANSWER AND JURY CLAIM OF DEFENDANT AMTRAK IN RESPONSE TO PLAINTIFF JOSEPH PASIONEK'S COMPLAINT

Defendant, National Railroad Passenger Corporation ("Amtrak"), as and for itself alone, by and through its attorneys, hereby answers Plaintiff Joseph Pasionek's ("Plaintiff") Complaint as follows:

### FIRST DEFENSE

1. Amtrak admits that Plaintiff is an adult individual, but is without knowledge or information sufficient to affirm or deny where Plaintiff resides.

2. Admitted.

3. This paragraph states a legal conclusion to which no answer is required.

4. Admitted.

5. Denied.

6. Amtrak admits that it employed Plaintiff. Amtrak further notes that the remaining allegations in this paragraph state a legal conclusion to which no answer is required. To the extent these other allegations are deemed to contain factual allegations, they are denied.

## COUNT I
## OCCUPATIONAL LUNG DISEASE

7. Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

8. Denied.

9. Amtrak admits that some of the property, equipment, and operations in the incident alleged by Plaintiff were owned or under the direct control of Amtrak and its agents. Amtrak lacks sufficient knowledge or information to admit or deny if all the property, equipment, and operations in the incident alleged by Plaintiff were owned or under the direct control of Amtrak and its agents.

10. Denied.

11. Amtrak lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

12. Amtrak lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

13. Denied.

    a. Denied.
    b. Denied.
    c. Denied.
    d. Denied.
    e. Denied.
    f. Denied.
    g. Denied.
    h. Denied.
    i. Denie
    j. Denied.

23. [there are no Paragraph Nos. 14 - 22] Denied.

24. Denied.

All allegations not previously addressed are hereby denied.

Amtrak denies that Plaintiff is entitled to any relief and asks the Court to deny any and all such requests made by, or on behalf of, Plaintiff.

## SECOND DEFENSE

The Complaint in whole or in part fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Amtrak denies it was negligent in any way.

## FOURTH DEFENSE

Amtrak states that Plaintiff has not been affected adversely or otherwise damaged by any conduct of Amtrak, or of any person or entity for whose conduct Amtrak is legally responsible or liable.

## FIFTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by his own actions.

## SIXTH DEFENSE

Plaintiff committed a violation of law or job regulation which contributed to the injury or damage complained of.

## SEVENTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by a superseding, intervening act which was beyond the knowledge or control of Amtrak.

## EIGHTH DEFENSE

If Plaintiff sustained damages or injuries, such damages or injuries were caused by the acts of third persons which Amtrak had no reason to anticipate and of which Amtrak had no knowledge, or over whom Amtrak had no control, and for whose conduct Amtrak is not responsible.

## NINTH DEFENSE

Plaintiff was guilty of contributory negligence and the damages, if any, recovered by him from Amtrak should be reduced in proportion to the Plaintiff's negligence in accordance with 45 USC Sec. 51 et seq.

## TENTH DEFENSE

Amtrak states that if it was negligent, as alleged in Plaintiff's Complaint, which negligence it denies, then such negligence was not the cause of Plaintiff's alleged injuries or damages.

## ELEVENTH DEFENSE

Plaintiff cannot prevail in this action because Amtrak's alleged acts or omissions were not the proximate cause of Plaintiff's alleged injuries.

## TWELFTH DEFENSE

Plaintiff cannot prevail in this action because he was not injured in the scope and course of his employment.

## THIRTEENTH DEFENSE

The condition that allegedly caused Plaintiff's injury was an open and obvious condition.

## FOURTEENTH DEFENSE

At all times relevant in this matter, Amtrak provided a safe workplace and safe tools and

equipment.

## FIFTEENTH DEFENSE

Plaintiff's injuries, if any, were merely an aggravation of a preexisting condition and the damages, if any, recovered by him from Amtrak should be reduced by the amount of damages which would have resulted due to the preexisting condition if there had been no aggravation.

## SIXTEENTH DEFENSE

Plaintiff has failed to mitigate his damages, and any damages awarded against Amtrak should be reduced accordingly.

## SEVENTEENTH DEFENSE

Plaintiff's recovery is barred or limited to the applicable case law and statutes including, but not limited to, 45 U.S.C. Sec. 51, et seq.

## EIGHTEENTH DEFENSE

Plaintiff is barred from any recovery as against Amtrak by his failure to comply with the statutory prerequisites applicable to this action, including, but not limited to, the Statute of Limitations.

## NINETEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of "unclean hands."

## TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

**Amtrak respectfully claims a trial by jury of all claims raised in Plaintiff's Complaint, and each defense thereto asserted by Amtrak.**

WHEREFORE, Defendant Amtrak prays that:

a. Plaintiff take nothing by this action;

b. The Complaint be dismissed with prejudice in its entirety;

c. Amtrak be awarded its costs of suit and attorney's fees incurred herein; and

d. Amtrak be awarded such other and further relief as this Court deems just and proper.

**Respectfully submitted,
DEFENDANT,
NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),**
By Its Attorneys,

DATED:   July 26, 2004

*/s/ Stephen E. Hughes*

John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

Certificate of Service

I, Stephen E. Hughes, hereby certify that I have, on July 27, 2004, served a true copy of the foregoing document by first class mail, postage prepaid, to counsel for Plaintiff as follows:

Michael J. McDevitt, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Ave., Suite 345
Boston, MA 02210

*/s/ Stephen E. Hughes*
Stephen E. Hughes